952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 COTTONWOOD GROVE DEVELOPMENT CORPORATION, a Colorado
corporation; Mary Elizabeth (Betty) Higby; Donald Wayne
Higby, Jr.; JVG & S Properties, a Colorado general
partnership; John V. Leone, also known as John Valentine
Leone; Virginia C. Leone, Petitioners,
v.
FEDERAL AVIATION ADMINISTRATION; James D. Busey, in his
capacity as Administrator of the Federal Aviation
Administration; Department of Transportation; Samuel K.
Skinner, in his capacity as the Secretary of the U.S.
Department of Transportation, Respondents,
City of Colorado Springs, a home-rule city and a Colorado
municipal corporation, Real Party in Interest.
 No. 90-9556.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1992.
 
 Before SEYMOUR and TACHA, Circuit Judges, and CHRISTENSEN, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Petitioners appeal from the Federal Aviation Administration's (FAA) issuance of a Record of Decision for the Colorado Springs Airport Expansion. On appeal, Petitioners raise three contentions. First, they assert that the Final Environmental Impact Statement (FEIS) and Record of Decision (ROD) fail to properly discuss mitigation measures to minimize environmental impacts. Second, Petitioners assert that the FEIS and ROD fail to consider significant environmental impacts and fail to provide a good faith, reasoned response to public comments. Third, Petitioners argue that the FEIS and ROD constitute an after-the-fact justification of a decision already made. We exercise jurisdiction under 49 U.S.C. § 1486 and affirm.
 
 
 2
 In reviewing an environmental impact statement, we must take a "hard look" at environmental consequences, but we cannot "interject [ourselves] within the area of discretion of the executive as to the choice of the action to be taken." Kleppe v. Sierra Club, 427 U.S. 390, 410 n. 21 (1976) (quoting Natural Resources Defense Council v. Morton, 458 F.2d 827, 838 (D.C.Cir.1972)). Therefore, our role in reviewing an environmental impact statement "is simply to ensure that the agency has adequately considered and disclosed the environmental impact of its actions and that its decision is not arbitrary or capricious." City of Aurora v. Hunt, 749 F.2d 1457, 1465-66 (10th Cir.1984) (quoting Baltimore Gas & Elec. Co. v. Natural Resources Defense Council, Inc., 462 U.S. 87, 97-98 (1983)).
 
 
 3
 Petitioners contend that the FAA inadequately discussed mitigation measures to minimize environmental impact. The record reveals that the FAA considered the noise impacts from operation of the proposed runway and the mitigation of these impacts through property acquisition, relocation, and sound attenuation programs. It also thoroughly considered mitigation plans for all of the affected properties. After reviewing the record, we therefore cannot conclude that the FAA's determination is arbitrary and capricious.
 
 
 4
 Petitioners assert that the FEIS and ROD fail to consider significant environmental impacts and fail to provide a good faith, reasoned response to public comments. Petitioners challenge the FAA's response to public comments on noise, traffic, and air quality. With regard to noise, Petitioners contend that the FAA should have used a different methodology to analyze noise impacts. The choice of methodology is within the expertise and discretion of the agency. Sierra Club v. United States Dep't of Transp., 753 F.2d 120, 128 (D.C.Cir.1984). After reviewing the record, we find that the agency did not abuse its discretion in choosing the Ldn method. With regard to traffic and air quality, the record reveals that in both cases the FAA directly and reasonably responded to public comments.
 
 
 5
 Petitioners also argue that the FEIS and ROD do not fairly evaluate the alternatives, and instead constitute an after-the-fact justification of a decision already made. Essentially, Petitioners contend that the FAA conveniently selected the "preferred alternative" because millions of dollars had already been spent in furtherance of the "preferred alternative." After reviewing the record, we cannot agree. The FEIS discusses seven alternatives and clearly explains why the preferred alternative was finally selected, concluding that it was the only alternative that would allow the functioning of parallel runways and avoid adverse noise and safety impacts. Therefore, the FAA's decision was not arbitrary and capricious.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable A. Sherman Christensen, Senior District Judge for the United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3